UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-21281-MARTINEZ/TORRES

VALESHIA ANGLIN,

    *Plaintiff*,

v.

FL FONTAINEBLEAU MIAMI, and
EDEN ROC MIAMI,

    *Defendants*.

_____/

**REPORT AND RECOMMENDATION
ON MOTION TO DISMISS COMPLAINT**

This matter is before the Court on the motion to dismiss filed by Fontainebleau Florida Hotel, LLC's (the "Fontainebleau"). [D.E. 12]. Plaintiff Valeshia Anglin timely responded. [D.E. 13]. The Fontainebleau did not file a reply and the time to do so has since passed. Therefore, the Fontainebleau's motion is now ripe for disposition. After careful consideration of the filings and relevant authorities, and for the reasons discussed below, the Fontainebleau's motion to dismiss should be **GRANTED** without prejudice.[1]

## *I.  BACKGROUND*

Ms. Anglin, who is proceeding without the assistance of counsel, initiated this action in April 2022 by filing a handwritten complaint with the Clerk of this Court that alleged, among other things, employment discrimination on the basis of race.

---

[1] On April 25, 2022, the Honorable Jose E. Martinez referred this motion to the undersigned Magistrate Judge for a report and recommendation. [D.E. 2].

The factual allegations in the complaint are somewhat puzzling due to their brevity. Ms. Anglin attached roughly one hundred pages of exhibits to her complaint, however, and these exhibits help establish a more cogent snapshot of Ms. Anglin's grievances. The Court therefore draws upon the complaint and its exhibits to summarize the facts recited below.

Ms. Anglin, who identifies herself as an African American woman, applied to work as a housekeeper at the Fontainebleau, a large and historically significant hotel in Miami Beach. She was interviewed for the position and offered the job. But this job offer was *conditional* because Ms. Anglin was required to pass a background check and a drug test before she would be allowed to begin working at the Fontainebleau.

Ms. Anglin agreed to undergo a background check and to submit a urine sample. A laboratory review of the urine sample detected the presence of marijuana, which did not seem to significantly alarm the Fontainebleau. But the background check revealed that Ms. Anglin was criminally accused of grand theft in 2008 and that, after imposing probation, fines, and restitution on Ms. Anglin, the criminal court withheld adjudication.

This mark on Ms. Anglin's criminal record troubled the Fontainebleau because, to do her job as a housekeeper, Ms. Anglin would be given a master key that provides unsupervised access to the Fontainebleau's guest rooms. Accordingly, the Fontainebleau rescinded Ms. Anglin's conditional offer of employment and explained to her that its decision was based on the risk that someone with this type of criminal

2

record poses to the security of guest property.

Ms. Anglin subsequently filed a charge of discrimination with the Equal Employment Opportunity Commission. On April 4, 2022, after conducting a preliminary investigation, the EEOC issued a "Right to Sue" letter to Ms. Anglin and advised her that, although it would not proceed any further with its investigation, Ms. Anglin had the legal right to sue the Fontainebleau within 90 days of her receipt of the letter.

Ms. Anglin promptly filed her handwritten complaint in this Court. In doing so, however, she named "FL Fontainebleau Miami" as one of the defendants instead of Fontainebleau Florida Hotel, LLC – the legal entity who is presumably the intended defendant based upon the allegations in the complaint and the information in the attached exhibits.

The summons and complaint were served on CT Corporation, the Fontainebleau's registered agent, on August 4, 2022. The following day, CT Corporation sent a letter to Ms. Anglin stating that "FL Fontainebleau Miami" was not listed in their records or in the public records of the State of Florida. Accordingly, CT Corporation informed Ms. Anglin that it was unable to forward the summons and complaint to the appropriate party.

The Fontainebleau subsequently learned of this lawsuit through a "routine" search of PACER and then made a special appearance in this case for the limited purpose of challenging the sufficiency of the process and the service of process under

Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5). In response to the Fontainebleau's motion to dismiss, Ms. Anglin stated simply that she "fully disagree[s]" with the motion and will "let the Judge decide."

## II. ANALYSIS

Federal Rule of Civil Procedure 4(a)(1) provides that a summons must be directed to the defendant in a lawsuit so as to effectively notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint. Here, because Ms. Anglin demands no less than $1,000,000.00 in compensation for her alleged injuries, it is easy to understand the importance of identifying the proper defendant and ensuring that this defendant is effectively notified of Ms. Anglin's claims.

"Proper service of process is a jurisdictional prerequisite." *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021). The procedural mechanism for challenging the Court's jurisdiction due to insufficient process (e.g., a summons that is defective because it is not directed to the defendant) or insufficient service of process is Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) respectively.[2]

The Fontainebleau submits that "FL Fontainebleau Miami," who is named in both the complaint and the summons served on CT Corporation, does not exist and is therefore not the intended defendant in this lawsuit. The exhibits attached to the

---

[2] *Process*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "process" as, among other things, a "summons . . . to appear or respond in court.").

4

complaint corroborate this because Ms. Anglin's correspondence with the EEOC indicates that the party against whom her charges are levied is Fontainebleau Florida Hotel, LLC – not the non-existent entity named in the complaint and summons. Moreover, a brief survey of the cases in the Southern District of Florida involving the Fontainebleau confirm its representation that it is the defendant against whom the complaint and summons should be directed. *See, e.g., Taylor v. Fontainebleau Florida Hotel, LLC*, No. 20-cv-23812-Bloom, D.E. 12 (S.D. Fla. Nov. 12, 2020) (granting motion for substitution of defendant); *Gil v. Fontainebleau Florida Hotel, LLC*, No. 17-cv-22369-Gayles, D.E. 13 (S.D. Fla. Oct. 5, 2017) (dismissing case with prejudice pursuant to a settlement agreement); *Fontainebleau Florida Hotel, LLC v. ERO Rentals, LLC*, No. 17-cv-21664-Martinez, D.E. 31 (S.D. Fla. June 29, 2018) (dismissing case without prejudice pursuant to a settlement agreement); *Cossio v. Fontainebleau Florida Hotel, LLC*, No. 07-cv-21671-Torres, D.E. 117 (S.D. Fla. Jan. 31, 2010) (granting final judgment in favor of the Fontainebleau).[3]

---

[3] A similar review informs our suspicion that "Eden Roc Miami" – the other defendant named in the complaint and in the other summons served on CT Corporation – is also not an intended defendant. *See, e.g., Cohan v. Eden Roc, LLLP*, No. 19-cv-23326-Martinez, D.E. 13 (S.D. Fla. Oct. 17, 2019) (dismissing case with prejudice pursuant to a settlement agreement); *Gomez v. Eden Roc, LLLP*, No. 18-cv-23872-Scola, D.E. 15 (S.D. Fla. Dec. 14, 2018) (closing case pursuant to settlement agreement). The Fontainebleau has not made a special appearance on behalf of its neighbor, however, and so the question of whether "Eden Roc Miami" is the proper defendant is not before the Court. Therefore, in light of the Court's recommended resolution of the Fontainebleau's motion, Ms. Anglin may wish to consider whether any errors in the process served with respect to "Eden Roc Miami" need correction.

All litigants in this Court, regardless of whether they are represented by counsel or proceeding *pro se*, are subject to the relevant laws and rules of the Court, including the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.3d 835, 837 (11th Cir. 1989). The Court finds that Ms. Anglin failed to comply with Federal Rule of Civil Procedure 4(a)(1)(B) when she served process on CT Corporation because the summons was not directed at her intended defendant: Fontainebleau Florida Hotel, LLC. Accordingly, the Fontainebleau's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(4) is meritorious and should be **GRANTED**. The complaint, [D.E. 1], should therefore be **DISMISSED** without prejudice and the case **CLOSED**. If she wishes to pursue her action, Ms. Anglin can correct her error by properly identifying the defendants in a complaint that satisfies Federal Rule of Civil Procedure 8 and then serving that complaint on those defendants in compliance with the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Fontainebleau's motion to dismiss the complaint be **GRANTED** without prejudice and the case **CLOSED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of

any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 10th day of November, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

7